Fkebman, J.,
delivered the opinion of the court.
This is an action bi’ought by the administrator of John Smith, deceased, for the use of his widow and children, to recover damages for killing said Smith by running a train of cars over him in September, 1865.
The case was before us at last term, and reversed because of the fact that the damages then given of $10,000 by the jury, in connection with the proofs showing instant death of the party, and the instruction of the court that if such was the case they should find for the defendant, showed passion or prejudice on the part of the jury, and a disregard of the instructions given them by the court, that negligence of the deceased was to be taken into consideration by the jury in mitigation of damages. The rule then laid down by the court on the subject- of mitigation of damages is that “ where facts and circumstances are made out, such as mitigate the damages in law, they shall be fairly and fully weighed by the jury, and shall have their proper weight in reducing or mitigating the damages to which the party would otherwise be entitled if those circumstances were not present in the case.” While we hold this principle to be sound, and would have felt better satisfied with his Honor’s charge if he had given the rule more fully to the jury than he has done in the charge before us, yet as no instruction further- was asked for by defendant on this point, we can see no reversible error in what he did tell the jury. The principle laid down by him was in strict accordance with the rulings of this court.
*457 As to the amount of the damages in this case, while we are compelled 'to the conviction that it is large, more than we would have given as a jury, yet we cannot say, from the facts furnished in the record, that it is so excessive as to enable us to say that the jury have been misled by passion, prejudice, or ignorance, nor any mistake of the// facts. Although there was gross negligence and folly on the part of the deceased in being on the track asleep, yet the very fact that an obstruction is on the track, by the Code, is made the basis of the requirement that all the precautions prescribed shall be immediately put into requisition to warn of danger, and to avoid injury to person or property. The fact that no headlight was on the train to enable them to see the obstruction, and consequently no precautions used by rear son of this culpable negligence, such as blowing the whistle and putting down the brakes, by which the party might have been aroused and have saved himself, will prevent • us from granting a new trial on account of the amount of the damages. We deem it proper to add that under the rules of law allowing the jury so much discretion in this matter, and that prevent this court from reversing, unless we see clear indications of passion, prejudice, or disregard of the law by juries, it is the duty of Circuit Judges to impress upon juries the necessity of great watchfulness on their part to guard themselves from being influenced in the slightest by reason of the fact that defendants in these cases are corporations, and that only even-handed justice, and at least approximative *458 compensation for the real damage sustained, should be rigorously adhered to.
•Without further discussion of the case, we feel bound to affirm the judgment of the court below.